UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRAD BOYKIN                                                                                   PLAINTIFF

v.                                             CIVIL ACTION NO. 3:14CV-P648-DJH

1ST SHIFT OFFICERS AT LOUISVILLE
METROPOLITAN DEPARTMENT OF CORRECTIONS           DEFENDANTS

**MEMORANDUM OPINION**

       Plaintiff Brad Boykin, a *pro se* prisoner, initiated this civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

       The Clerk of Court sent a mailing to Plaintiff on October 22, 2014. On November 12, 2014, that mailing was returned by the United States Postal Service marked "Return to Sender, Refused, Unable to Forward." Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Because it appears to this Court that

Plaintiff has abandoned any interest in prosecution of this case, the Court will dismiss the case by separate Order.

Date:   December 30, 2014

**David J. Hale, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
4415.010